## BUGGY STRUCK BY AUTOMOBILE AT STREET CROSSING.

Court of Appeals for Licking County.

ROBERT A. WHITE ET AL V. BRANDT G. SMYTHE.

Decided, October Term, 1915.

*Negligence—Charge of Court with Reference to View of Premises where Accident Occurred—Effect of Allegation that Automobile Was Being Operated at an Unlawful Rate of Speed.*

1. It is error to charge a jury that what they saw on a view of the premises was evidence to be considered in reaching a verdict, but in the present case the verdict is sustained by sufficient evidence without regard to the view of the premises and the charge was, therefore, not prejudicial.

2. In an action on account of injuries received from being struck by an automobile, it is error to charge the jury to the effect that if the machine was being run at an unlawful rate of speed at the time of the accident the defendant was guilty of negligence *per se*, but it is an error which does not necessitate a reversal of the judgment where the unlawful rate of speed was alleged in the petition as an affirmative ground of relief.

*Fitzgibbon, Montgomery & Black,* for plaintiffs in error.
*Kibler & Kibler, A. A. Stasel* and *L. C. Russell,* contra.

POWELL, J.

This was an action commenced by the defendant in error in the court of common pleas to recover damages alleged, by plaintiff in that action, now defendant in error, to have been sustained by him on account of personal injuries received in a collision between the plaintiff, riding in a buggy, and an automobile which was operated by the defendants.

The petition charges that at the time mentioned therein plaintiff, with two companions, was riding south on Sixth street in the city of Newark; that as he was about to cross Wilson street in said city, a street running at right angles to Sixth street, the vehicle in which he and his companions were riding was struck

by the automobile, or, as plaintiff describes it, by the locomotive engine, sometimes called an automobile, operated by the defendants, who were going west upon said Wilson street. Plaintiff then alleges the injury sustained by him and prays judgment against the defendants.

A number of acts or grounds of negligence are alleged and set out in the petition and it is alleged, among the general averments of the petition, that the defendants were driving said locomotive engine at a furious rate of speed, contrary to law and the ordinances of said city of Newark. It is specified among the separate and specific grounds of negligence that defendants were operating their machine at a rate of speed largely in excess of that permitted by law or the ordinances of the city. Numerous other grounds of error are alleged, but this particular ground is mentioned because of its connection with a part of the charge of the court. An answer was filed setting up two defenses, the first of which was in the nature of a general denial of all the material averments of the petition, and the second charging contributory negligence on the part of the plaintiff. To this defense a reply was filed denying such contributory negligence. Trial was had to a jury and a verdict was returned in the sum of $1,352.50 in favor of the plaintiff. A motion for new trial was filed by the defendants, setting out several grounds upon which new trial was asked and the same was overruled by the court upon condition that the plaintiff would remit all of said verdict in excess of one thousand dollars, as being excessive, which remittitur was entered and judgment rendered in favor of the plaintiff below for one thousand dollars.

Error is prosecuted by the plaintiff in error in this court, and it is especially urged on behalf of plaintiff in error that there are three sufficient grounds of error on which such judgment should be reversed and a new trial granted.

1. That the charge of the court relative to the subject of punitive or exemplary damages was erroneous and ought not to have been given in the circumstances in this record shown to exist.

2.   That the court erred in giving the requests upon this subject asked for by the defendant in error.

3.   That the court erred in charging the jury, who were sent to examine the grounds where the accident occurred, that they should determine from what they saw as part of the evidence in the case whether this part of the city was closely built up or not, in order to determine whether or not the defendants were operating their machine at an excessive rate of speed or at a rate greater than that permitted by law.

Further, it is contended that the court erred in its charge as to the rate of speed and in saying to the jury that if they found that defendants were operating their automobile at a rate of speed in excess of that authorized by law that this constituted negligence *per se*.

Other errors are assigned in the petition in error and were not waived at the hearing, but the court is of the opinion that there are no other errors apparent in this record that would justify a reveral of the judgment below.

Generally speaking, it has been held in Ohio that the view which a jury takes of premises is not evidence in itself, but is simply allowed or ordered by the court to assist the jury in applying the testimony as detailed from the witness stand. We think there was error in this part of the charge of the court. We think, however, that in addition, the charge of the court which limited the jury to a consideration of the premises as a part of the evidence only is modified by the fact that there was a large amount of testimony offered by plaintiff to show that at the place where the accident occurred the city was closely built up and that if defendants were traveling at a rate of speed in excess of eight miles an hour they were traveling in violation of the statutes of Ohio relative to motor vehicles. We have examined the record with reference to this testimony and are of the opinion that it is sufficient to sustain the verdict of the jury without reference to whether or not the court erred in its charge relative to such view of the premises.

With reference to the charge of the court that if the jury should find that the defendants were traveling at a rate of speed

in excess of that allowed by statute it would constitute negligence *per se,* the court is of the opinion that where the petition itself alleges this rate of speed as an affirmative ground of relief, as was done in this case, such charge is not such an error as would justify a reviewing court in setting aside the verdict and grant a new trial upon this ground alone.

It has been held to be the law in Ohio that the fact that the vehicle was operated at a higher rate of speed than that permitted by law was not in itself negligence *per se,* but was proper evidence to go to the jury to prove negligence on the part of the operator of such machine. This, however, has been largely modified and it has now been held as a part of the law of this state that "in an action for damages predicated upon the failure of such owner or operator to comply with the requirements of this statute (Section 1027), it is the duty of the court to instruct the jury that such failure is negligence *per se."* 89 O. S., 297.

In this case the court commented upon the rule laid down in the 38 Ohio State, 632, that "where a company was operating its cars in violation of a city ordinance at the time an injury was inflicted, while not sufficient *per se* to create a liability, is yet competent to go to the jury as tending to show negligence." So that the syllabus of that case must be read in connection with the facts there before the court. They recite that no reference was made to the ordinance in the petition in that case. The charge of negligence was that the company carelessly, wrongfully and with gross negligence ran and moved its cars, and in that case it is said the trial court rejected the ordinance fixing the rate of speed when tendered in evidence, but the Supreme Court held it to be admissible upon the ground that it tended to show negligence on the part of the company.

In this case plaintiff bases his right to recover in part, at least, upon the averments of the petition that defendants were operating their machine at a rate of speed in violation of both the ordinances of the city of Newark and the statutes of Ohio. When this is considered the court is of the opinion that it was not such error in charging that such violation was negligence *per se* as

would justify the court in reversing the judgment of the court below.

Aside from the questions of error in the particulars named, and aside from the question as to whether or not such errors were prejudicial, we have arrived at the conclusion, from an examination of this record, that substantial justice was done by the jury. In fact, the court is of the opinion that the court below ought not to have required a remittitur of the amount in excess of one thousand dollars to have been made; that the evidenced sustains the verdict in every particular; that the amount returned was not more than should have been returned as compensatory damages, and that if there was error on the part of the court in the charge relative to punitive or exemplary damages, it has no application to the facts as shown by this record. We are further of the opinion that the charge as to negligence is not erroneous when based upon the charge as made in this petition, but that the acts of negligence by which plaintiff was injured consisted in part of the violation of the statutes and of the ordinances. As to the error complained of relative to the action of the court in charging the jury that it should consider the view taken by them as part of the evidence, we think it is not sufficiently prejudicial to justify a reversal. We think that while the errors insisted upon were strongly urged to the court, even though such errors existed, substantial justice requires that this judgment should be affirmed and an order may be entered affirming the judgment of the court of common pleas. The court finds there was reasonable ground for presenting this petition in error and therefore affirms such judgment without penalty. The case will be remanded to the court of common pleas for execution.

SHIELDS, J., and HOUCK, J., concur.